CHARLES CARLSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 18, 1908.

Nos. 15,971—(201).

**Verdict—Damages not Excessive.**
> Evidence considered in this a personal injury action, and *held*, that
> it is sufficient to support the verdict for the plaintiff, and that the award
> of damages is not so excessive as to justify any interference with the
> verdict.

Action in the district court for Polk county to recover $5,000 for
personal injuries. The alleged negligence is stated in the opinion.
The case was tried before Watts, J., and a jury which rendered a ver-
dict in favor of plaintiff for $1,750. From an order denying defend-
ant's motion for judgment notwithstanding the verdict or for a new
trial, it appealed. Affirmed.

*J. H. Mason* and *J. H. Maybury,* for appellant.

*H. Steenerson* and *Charles Loring,* for respondent.

START, C. J.

The plaintiff on January 26, 1908, was employed by the defendant
as checking clerk of freight at its transfer platform at Redland, in
Polk county, this state. While in the discharge of his duties he re-
ceived personal injuries, to recover damages for which he brought
this action in the district court of the county of Polk. The complaint
alleged that the defendant negligently failed properly to light the plat-
form at such transfer station where the plaintiff was required to work,
and to furnish proper and sufficient lights for the use of the plain-
tiff and his co-employees while engaged in checking and transferring
freight; that the defendant negligently received for transportation
and transfer at such station certain dressed hogs with sharp pointed
rings in their noses; and, further, that after dark on the day named,
while the plaintiff was discharging his duties in checking freight, one
of the defendant's employees was engaged in moving on a truck one
of the hogs, but by reason of insufficient light on the platform and

[1] Reported in 118 N. W. 832.

in the car he ran the truck against some object in the car which he could not see whereby the hog was rolled from the truck and the sharp point of the ring in the nose of the hog was driven into the plaintiff's leg, by reason whereof he sustained serious personal injuries. The answer put in issue the allegations of negligence and consequent injury of the plaintiff contained in the complaint. At the close of the evidence the defendant asked the court to direct a verdict for it, which was denied, and cause submitted to the jury. A verdict in the sum of $1,750 was returned for the plaintiff. The defendant made a motion for judgment notwithstanding the verdict, or a new trial. The court made its order denying the motion, from which the defendant appealed.

The first question raised by the assignments of error is whether the defendant, upon the evidence, was entitled to a directed verdict in its favor for the alleged reason that there was no evidence which would sustain a verdict for the plaintiff. The evidence was sufficient to support a finding by the jury that the platform was not properly or sufficiently lighted and that the negligence of the defendant in this respect was the proximate cause of the plaintiff's injury. The defendant urges in this connection that the plaintiff had worked at the same place several years, during which time the system of lighting remained the same; hence he assumed the risks incident to the defendant's method of lighting the premises.

There was, however, other evidence tending to support the allegations of the complaint to the effect that the plaintiff, about two weeks before the accident, complained to defendant's assistant superintendent, who was in charge of the platform, that the lighting facilities thereon were deficient, rendering it unsafe for the plaintiff and other employees of defendant to work on the platform after dark; that the superintendent promised the plaintiff to remedy the defect and to furnish adequate lighting facilities; and, further, that the plaintiff, in reliance upon the promise, continued his work to the time of his injury. These allegations were denied by the answer. The trial court fully and correctly instructed the jury as to this issue, but the defendant contends that there was no evidence to support the alleged promise and reliance thereon. We are of the opinion that there was. The plaintiff testified to the effect that he told the superintendent that "the

light was no good" and that it was necessary to have decent lights, and the superintendent replied that he was going to get electric lights, and, further, that he (the plaintiff) relied upon what was said about furnishing electric lights, and that, if he had not been so told, he would not have continued to work. The superintendent testified that: "I happened over there one evening, I don't remember the exact date, and the conversation of lights came up, and the boys complained of the lighting facilities, and wanted to know if there wasn't some way of improving them, and I made the remark that I would take the matter up and have some electric lights put in there." This evidence made the question of the defendant's promise, and the plaintiff's reliance thereon, one of fact. The defendant was not entitled to a directed verdict, and its motion for judgment was correctly denied.

In support of its motion for a new trial the defendant urges that the injuries that the plaintiff claims to have sustained as a result of the accident were due to his own negligence in not caring in time for the wound he received; hence the award of damages is excessive, and not sustained by the evidence. There was evidence tending to show that the points of the ring struck the plaintiff's ankle, which swelled and became stiff, and pained him; that he continued working for a while, until he was unable to walk on account of his ankle and he went to the hospital; that it was some twenty five days before he had a doctor treat his wound; that he sent for one, but he did not come; that the wound was practically healed at the time of the trial but the ankle was still swollen, pained him, and he had difficulty in moving it. His ankle was exhibited to the jury.

The medical testimony was conflicting. On the part of the plaintiff it was to the effect that the plaintiff's foot was almost immovable at the ankle joint; that the probabilities were that it would remain partly stiff; that the condition of the ankle was due to the wound which the plaintiff received; that it was probable that the hog ring may have had germs on it; "that it was a sort of blood poisoning." There was medical testimony on the part of the defendant to the effect that the plaintiff would completely recover from the injury; that it was a matter of conjecture whether, if the wound had been attended to immediately, blood poisoning would not have resulted, but the probabilities were that there would have been none; and, further,

that the blood poisoning came from neglect of the wound. The evidence indicates to us that the award of damages was liberal, but not so excessive as to justify any interference with the verdict on that ground. Whether the plaintiff's injury was aggravated by a negligence on his part was a question for the jury.

Order affirmed.